**Roderick Earl POWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–07–00282–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 15, 2008.

Clyde Williams, Houston, for appellant.

Celeste Carter Blackburn, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and BROWN.

### OPINION

JOHN S. ANDERSON, Justice.

A jury convicted appellant, Roderick Earl Powell, of aggravated assault with a deadly weapon and assessed punishment at forty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. *See* Tex. Penal Code Ann. § 22.02 (Vernon 2003). In two issues, appellant argues the trial court violated his rights under the United States and Texas Constitutions by making an improper judicial comment during the guilt/innocence phase of the trial. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In the early hours of September 12, 2005, appellant arrived at Natalie Johnson's house. Appellant forced his way into Johnson's house and began yelling at her about messing with his money. Johnson pleaded with appellant not to shoot her, but despite her pleading, appellant shot Johnson in the hand. After being shot, Johnson retreated to her bedroom and fell face down onto her bed. Appellant proceeded to shoot Johnson several more times. Johnson eventually called 911, and she told the operator appellant shot her. Officers responded to the 911 call and found Johnson lying on the floor covered in blood from multiple gunshot wounds. Johnson told the officers appellant shot her. Appellant was subsequently arrested.

## A. Did the Trial Court Violate Appellant's Constitutional Rights by Making an Improper Comment During the Guilt/Innocence Phase?

In appellant's two issues, he argues the trial court violated the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article One, Sections Ten, Thirteen, and Fifteen of the Texas Constitution when it made an improper comment during the guilt/innocence phase of trial.[2] Appellant argues the trial judge improperly commented on the weight of the evidence while giving the jury a limiting instruction, and seeks reversal of the judgment and remand for a new trial. Appellant, however, acknowledges he did not object to the trial judge's comment at trial. To avoid waiver, appellant argues the trial judge's comment constitutes fundamental error, therefore, no objection was required. Accordingly, we must first determine whether the trial judge's comment made while giving a limiting instruction to the jury constitutes fundamental error, or whether appellant has waived this issue.

### 1. Did the Trial Judge's Comment Constitute Fundamental Error?

#### a. Background

During the State's case, it called Johnson, the complaining witness, to testify. Johnson testified she had known appellant for approximately four years. Johnson testified appellant used her house to sell drugs, and in return, appellant supplied Johnson with drugs. However, according to Johnson, appellant eventually stopped giving her drugs, but he continued using her house whenever he wanted. Johnson then testified regarding what happened the night of the incident, and she identified appellant as the man who shot her multiple times. After this testimony, the trial judge took a recess. After the recess and before resuming questioning of Johnson, the trial judge gave the following limiting instruction:

1. Because of the nature of appellant's issues, it is unnecessary to set forth a detailed account of the facts and circumstances surrounding the offense with which he was charged.

2. Appellant fails to indicate a distinction between his rights under the United States and Texas Constitutions. Appellant has failed to provide any argument or authority that the Texas Constitution provides him greater protection than the United States Constitution. Therefore, we will analyze these two issues together. *See Johnson v. State*, 853 S.W.2d 527, 533 (Tex.Crim.App.1992) (declining to address appellant's arguments regarding his state constitutional rights when appellant did not make a distinction between the United States Constitution and the Texas Constitution); *Watson v. State*, 176 S.W.3d 413, 417 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (conducting only one analysis for appellant's argument that the trial court's comments and conduct violated his United States and Texas constitutional rights).

Okay. All right. Welcome back. I'm going to give you just an instruction regarding some of the testimony that you've heard. And you had heard some testimony about the defendant being involved in drugs and drug sales. And what's important to remember about that testimony is that it's not-it's not offered to show just like in general, bad character of somebody. That's not how you can use it. I permitted that testimony because it goes to explain the relationship in this particular case of the witness on the stand and the defendant. *And it also goes to clear up or let me say resolve the issue of identity of the individual that is responsible for the shooting.*

Appellant argues this was a prejudicial instruction that violated the trial judge's mandate of impartiality and impaired appellant's right to a fair and impartial jury.[3]

### b. Analysis

 Generally, to preserve error, a defendant must make a timely and specific objection. Tex.R.App. P. 33.1. Almost every right, constitutional and statutory, may be waived by the failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex.Crim.App. 1986). Absent an objection, a defendant waives error unless the error is fundamental-that is, the error creates egregious harm. *Ganther v. State*, 187 S.W.3d 641, 650 (Tex.App.-Houston [14th Dist.] 2006,

pet. ref'd); *see* Texas R. Evid. 103(d); *Villareal v. State*, 116 S.W.3d 74, 85 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Egregious harm is such harm that a defendant has not had a fair and impartial trial. *Ganther*, 187 S.W.3d at 650. In this case, since appellant failed to make a timely and specific objection at trial, the only way appellant's claim survives on appeal is if the trial judge's comment constitutes fundamental error.

The United States Supreme Court has determined when certain constitutional rights are violated fundamental error occurs. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991); *Williams v. State*, 194 S.W.3d 568, 579 (Tex.App.-Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 353, No. 1245–06, 2008 WL 141910, at *1–5 (Tex. Crim.App. Jan.16, 2008). The Court has defined such errors as "structural defects in the constitution of the trial mechanism." *Fulminante*, 499 U.S. at 309, 111 S.Ct. at 1265. The Court has determined these fundamental constitutional rights include the right to counsel, the right to an impartial judge, the right to not have members of the defendant's race unlawfully excluded from a grand jury, the right to self-representation at trial, and the right to a public trial. *Id.* at 309–10, 111 S.Ct. at 1264–65; *Williams*, 194 S.W.3d at 579.

 In addition to the fundamental errors established by the United States Su-

---

3. Appellant also argues the trial court generally repeated the prejudicial instruction in the trial court's charge to the jury; however, we disagree with this contention. The jury charge states:

> You are further instructed that if there is any evidence before you in this case regarding the defendant's [sic] committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that

the defendant committed such other offense or offenses, if any, and even then you may only consider the same in determining the relationship of the defendant and the complainant and the identity of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

This instruction is a proper limiting instruction on how the jury could use the extraneous-offense evidence. *See* Tex.R. Evid. 404(b).

preme Court, a plurality of the Texas Court of Criminal Appeals, in *Blue v. State*, held another fundamental error of constitutional dimension could exist if a trial judge makes a comment that taints the presumption of innocence. *Blue v. State*, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000). Appellant relies on *Blue* as the primary basis for his argument that the trial judge's comment in this case constitutes fundamental error, therefore, he was not required to object during trial to preserve error. Appellant compares the trial judge's limiting instruction in this case with the comments made by the trial judge in *Blue*. We disagree with appellant.

In *Blue*, during the jury selection process, the trial court told prospective jurors that (1) a trial delay was due to the defendant's attempt to make a plea bargain with the State and the defendant's prolonging the negotiations, (2) the trial court would prefer the defendant plead guilty, and (3) there were reasons an innocent defendant might not testify, but, even knowing she was guilty, defense counsel might put Sister Theresa on the stand because nobody would believe she would lie. *Id.* at 130; *see Ganther*, 187 S.W.3d at 650 (explaining the facts and issues in *Blue*). Although the defendant in *Blue* did not object to the comments at trial, he complained of them on appeal. *Id.* The intermediate court concluded the error was waived because no contemporaneous objection was uttered, but the Court of Criminal Appeals reversed, holding the error was outside the scope of Rule 33.1. *Id.* at 130, 133. The judges voting to reverse, however, did not agree on the rationale. *See id.* at 132, 138.

Four judges concluded the trial court's comments tainted the presumption of innocence and were fundamental error of constitutional dimension. *Id.* at 132; *see Saldano v. State*, 70 S.W.3d 873, 889 n. 72 (Tex.Crim.App.2002) (explaining *Blue*). A fifth judge concluded the trial court's comments violated the right to an impartial judge. *Blue*, 41 S.W.3d at 138 (Keasler, J., concurring); *see Saldano*, 70 S.W.3d at 889 n. 72 (explaining *Blue*).

Assuming, without deciding, *Blue* created another category of fundamental error in Texas, there is no majority opinion in *Blue*, so it is not binding precedent. *Ganther*, 187 S.W.3d at 650; *see Pearson v. State*, 994 S.W.2d 176, 177 n. 3 (Tex.Crim.App.1999). However, even if we were bound to follow the plurality opinion in *Blue*, the trial judge's comment in this case did not rise to such a level as to bear on the presumption of innocence or vitiate the impartiality of the judge. *See Ganther*, 187 S.W.3d at 650 (holding the trial judge's comments regarding appellant representing himself were not fundamental error so appellant waived complaint on appeal by failing to object at trial); *Gordon v. State*, 191 S.W.3d 721, 726–27 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (holding the trial judge's comments about how the defendant controls the system did not constitute fundamental error so defendant waived complaint on appeal by failing to object at trial); *Rabago v. State*, 75 S.W.3d 561, 561–63 (Tex.App.-San Antonio 2002, pet. ref'd) (holding the trial judge's comment regarding appellant's prior conviction was not fundamental error so appellant waived complaint on appeal by failing to object at trial).[4]

---

4. Additionally, we recognize the unpublished case of *Manus v. State* has no precedential value, but we find the reasoning and analysis of the case persuasive. *See Manus v. State*, No. 05–06–00598–CR, 2007 WL 824958, at *1 (Tex.App.-Dallas Mar. 20, 2007, pet. ref'd) (mem. op., not designated for publication).

In *Manus*, while the trial judge was explaining the verdict form to the jury, he stated the following:

The last page, ladies and gentlemen, is the verdict form. On the top it says: "We the jury, find the defendant guilty of the offense of aggravated sexual assault of a child, as

Although inartfully worded, when the trial judge's comment is viewed within its context, the trial judge was merely attempting to explain to the jury how it could and could not use the extraneous-offense evidence elicited during Johnson's testimony. *See Oulare v. State*, 76 S.W.3d 231, 232 (Tex.App.-Amarillo 2002, no pet.) (holding an appellate court is compelled to view a trial judge's comment within its context); *Means v. State*, 955 S.W.2d 686, 692 (Tex.App.-Amarillo 1997, pet. ref'd, untimely filed) (stating an appellant is not free to dissect a trial record for words which may be rendered ambiguous when taken from their context and then use them, once removed from their context, to complain of error). The purpose of the limiting instruction was to explain to the jury that it could not use the evidence of appellant's involvement with drugs and drug dealing to prove he was a bad person, but it could use the evidence to help explain the relationship between appellant and Johnson and the identity of the person who shot Johnson. In addition, the jury charge contained a proper explanation of this concept.

Furthermore, we find the timing of the trial judge's comment to be an important distinguishing factor between *Blue* and the case at hand. In *Blue*, the trial judge made multiple comments to a group of prospective jurors during the jury selection process. *Blue*, 41 S.W.3d at 130. The prospective jurors heard the comments before any testimony was provided, presum-

ably destroying the defendant's presumption of innocence from the outset of the trial. In the case at hand, however, the trial judge made the comment after Johnson positively identified appellant as the man who shot her and provided a detailed account of the incident. The judge's comment, which came after this damaging testimony, was merely an attempt by the trial judge to explain the proper use and scope of Johnson's testimony, as opposed to *Blue* in which the judge made multiple, highly prejudicial comments at the outset of the trial. Thus, we cannot conclude the complained-of comment in any way prejudiced the jury to the degree discussed in *Blue*. We conclude appellant failed to show the comment by the trial court constituted fundamental error in this circumstance.

While we believe the trial judge's comment may constitute error, appellant failed to properly object during trial. Accordingly, appellant has waived his complaint. Therefore, we overrule appellant's two issues.

### CONCLUSION

Having overruled appellant's two issues, we affirm the trial court's judgment.

charge[d] in the indictment. And then it has a signature for the presiding juror. If you would also print your name underneath it so I could read who it was.["] And then, "Or, We, the jury, find the defendant, not guilty." And then there is a line also for the presiding juror to sign if that is your verdict. *Id.* In *Manus*, the trial judge's explanation could be construed as a directive from the judge to find the defendant guilty. *See id.* The

defendant failed to object at trial, but on appeal argued the comment constituted fundamental error under *Blue*. *Id.* The Dallas court determined the explanation was poorly worded, but when the comment was considered as a whole, the trial judge was merely trying to explain the verdict form to the jurors. *Id.* The court concluded the comment did not constitute fundamental error, therefore, the defendant waived complaint on appeal. *Id.*