**Affirmed and Memorandum Opinion filed November 22, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-08-00779-CR

---

**BREANNA MARIE BAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Cause No. 1510959**

---

## M E M O R A N D U M   O P I N I O N

Appellant Breanna Baker appeals her conviction for misdemeanor driving while intoxicated (DWI). After the jury found her guilty, the trial court assessed punishment at 180 days in the Harris County Jail and a $750 fine, suspended her sentence, and placed her on community supervision for 18 months. In three issues, appellant contends the trial court abused its discretion by denying her motion for mistrial after the prosecutor proffered appellant's videotaped statement in violation of her Fifth Amendment privilege against self-incrimination and commented during closing argument regarding matters which were not admitted into evidence. Appellant further contends these actions

amounted to prosecutorial misconduct.  We affirm.

## *Background*

Appellant was driving her vehicle after midnight on February 28, 2008 when she was stopped for speeding.  The officer who performed the traffic stop testified that he noticed "a strong odor of alcohol" on appellant, her eyes were "bloodshot and glassy," and her speech was "slightly slurred."  The officer also testified that appellant initially told him she had consumed three beers but "later admitted to four to five beers."  At that point, appellant's counsel objected to the testimony regarding purported admissions about the number of beers appellant had consumed, as follows: "I think that goes beyond [the prosecutor's] question about that."

The court then excused the jury, and the officer testified that after appellant's initial statement, he conducted four standardized field sobriety tests and then repeated his question regarding the number of drinks she had consumed.  She responded, "Four to five drinks is actually what I had."  Appellant's counsel argued that appellant was in custody before she answered the last question, therefore, she was entitled to receive *Miranda* warnings before questioning.  The trial court agreed and said, "I am suppressing the last statement."

The entire encounter between appellant and the officer was videotaped. Accordingly, the trial court instructed the prosecutor, "So you just need to cut the video when it gets to that point, cut the sound off."  The prosecutor subsequently played the videotape to the jury.  While the video was playing, appellant's counsel objected as follows, "Your Honor, I would like to ask that that be stricken from the record, the question—."  The court sustained the objection and instructed the jury to "disregard that question," but denied appellant counsel's request for a mistrial.  The court reporter did not transcribe the oral portion of the videotape into the record.

2

During voir dire, the prosecutor asked, "Is there anybody here who has been personally affected by driving while intoxicated?" A venire member responded that he "was hit from behind by a motorcycle" and "paralyzed from the waist down for six months." During his closing argument, the prosecutor stated,

> [W]e already know that the law is driving while intoxicated and we know why the law is driving while intoxicated because people who drive while intoxicated are dangerous in our community. You heard from a man who had been paralyzed for six months because of a drunk driver, an intoxicated driver that he came into contact with.

Appellant's counsel objected to the statement as "outside the evidence." The trial court sustained the objection and instructed the jury to disregard it, but denied counsel's request for a mistrial.

### Fifth Amendment Privilege against Self-Incrimination

In her first and third issues, appellant contends that the prosecutor engaged in misconduct by violating her Fifth Amendment privilege against self-incrimination when he showed her videotaped statement in contravention of the trial court's suppression order or, in the alternative, the trial court abused its discretion by denying her motion for mistrial. The State argues, among other things, that the prosecutor did not violate the trial court's suppression order and appellant did not preserve error on this issue. We agree with the State.

When a defendant alleges prosecutorial misconduct, there are several factors for the court to consider. Relative to the facts in this case, the trial court should determine whether the prosecutor deliberately violated a court order, whether the prosecutor's conduct was so blatant as to border on being contumacious, and whether the defendant timely objected to the misconduct. *See Stahl v. State*, 749 S.W.2d 826, 831 (Tex. Crim. App. 1988). This list, however, is not exhaustive, and prosecutorial misconduct should be determined based on the facts of each case. *See id.* at 830–31.

To preserve error relative to prosecutorial misconduct, a defendant must object on specific grounds, request an instruction that the jury disregard the comment, and move

for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *see also Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010, no pet.). On appeal, we determine whether the trial court abused its discretion by denying appellant's motion for mistrial. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id*. Any "error . . . in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.").

Appellant complains that the prosecutor violated her Fifth Amendment privilege against self-incrimination by showing the jury a portion of appellant's videotaped interaction with the arresting officer, which the trial court had suppressed. However, we cannot determine from the record whether the prosecutor proffered any suppressed statements. The trial court ruled, "I am suppressing *the last statement*. . . . So you just need to cut the video when it gets to that point, cut the sound off." (Emphasis added.) The videotape was not transcribed. Consequently, the record does not reflect the exact moment when the videotape stopped. But while the videotape was playing, appellant's counsel asked that "*the question*" be stricken from the record; the trial court sustained the objection and instructed the jury to "disregard *that question*." (Emphases added.) Even if the suppressed statement on the videotape had been played to the jury, appellant did not ask that it be stricken from the record.

Even if the prosecutor had violated the trial court's suppression order, appellant did not object on the basis of prosecutorial misconduct and thus did not preserve that issue for review.[1] *See Temple*, 342 S.W.3d at 609 n.12. If appellant had preserved the

---

[1] Even constitutional error, of which appellant complains, is waivable unless it rises to the level of

4

issue at that point, moreover, the objected-to evidence was admitted earlier during trial when the officer testified appellant told him she had drunk three beers but "later admitted to four to five beers." Although appellant's counsel objected to the officer's testimony as outside the scope of the prosecutor's question and the trial court held, outside the presence of the jury, that he would suppress appellant's "last statement," when the jury returned, appellant's attorney did not request an instruction from the trial court for the jury to disregard the officer's testimony regarding appellant's admission. Likewise, appellant's counsel did not request a mistrial at that point. Thus, he waived any error regarding the admissibility of appellant's statement. *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984) (holding proper method to preserve error regarding admission of evidence is to (1) object timely; (2) request trial court to instruct jury to disregard any statements made; and (3) move for a mistrial based upon the complained-of evidence); *see also Cureton v. State*, 800 S.W.2d 259, 261 (Tex. App.—Houston [14th Dist.] 1990, no writ) (same). We hold any error resulting from the prosecutor's proffer of suppressed evidence was waived because the same evidence was admitted earlier through the officer's testimony and the trial court's earlier error in admitting the same evidence was not preserved for appeal. *See Lane*, 151 S.W.3d at 193.

We find appellant's contention that the prosecutor engaged in misconduct by showing suppressed evidence to the jury to be without merit. We further hold that the trial court did not abuse its discretion by denying appellant's motion for mistrial. We overrule appellant's first issue and that portion of her third issue in which she complains of prosecutorial misconduct in showing previously suppressed statements to the jury.

### *Prosecutor's Comment during Closing Argument*

In her second and third issues, appellant argues the prosecutor engaged in misconduct by making an improper comment during closing argument and appellant was

---

fundamental error, which is not the case here. *See Powell v. State*, 252 S.W.3d 742, 744–45 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Williams v. State*, 194 S.W.3d 568, 579 (Tex. App.—Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 353 (Tex. Crim. App. 2008).

therefore entitled to a mistrial. The State argues that appellant waived her complaint regarding prosecutorial misconduct, but even if she had not, the prosecutor did not engage in misconduct because his comment was permissible jury argument as a plea for law enforcement. In that connection, the State argues that the trial court did not abuse its discretion by denying appellant's request for a mistrial.

The permissible areas of jury argument include (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to arguments of opposing counsel, and (4) pleas for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Even when an argument exceeds the permissible bounds of these approved areas, it will not constitute reversible error unless, in light of the record as a whole, it is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Id*. The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial. *Id*. In most instances, an instruction to disregard the remarks will cure the error. *Id*.

The comment about which appellant complains is a reference to the earlier statement of a venire member during voir dire that he was injured by a drunken motorcyclist, as follows: "[P]eople who drive while intoxicated are dangerous in our community. *You heard from a man who had been paralyzed for six months because of a drunk driver, an intoxicated driver that he came into contact with*." Appellant's counsel immediately lodged a successful objection to the statement as "outside the evidence" and asked that the jury be instructed to disregard the comment. The judge complied but refused to grant counsel's request for a mistrial.

We note that appellant properly preserved his complaint that the prosecutor's comment referred to matters outside the record. *See Temple*, 342 S.W.3d at 599. It is clearly improper to invite the jury to consider facts outside the record.[2] *See Wesbrook*, 29

---

[2] The State argues that the comment was merely a plea for law enforcement. We agree that the prosecutor's previous statement was such a plea: "[W]e know why the law is driving while intoxicated

6

S.W.3d at 115; *Temple*, 342 S.W.3d at 603. But the prosecutor's comment was quickly followed by an instruction to disregard from the trial court that we presume was followed by the jury. *See Wesbrook*, 29 S.W.3d at 116; *see also Temple*, 342 S.W.3d at 599, 617–19 (holding prosecutor's reference to matters outside record was quickly remedied by court's instruction to disregard). Only offensive or flagrant conduct provides a basis for reversal when there has been a trial court instruction to disregard, and, in the case at bar, this comment was not so flagrant that the instruction to disregard was ineffective.[3] *See Wesbrook*, 29 S.W.3d at 116; *see also Temple*, 342 S.W.3d at 618–19. Thus, the trial court did not abuse its discretion by denying appellant's request for mistrial.

We note, however, that an objection to jury argument based on facts outside the record does not preserve the issue of prosecutorial misconduct for review. *See Temple*, 342 S.W.3d at 609 n.12. Regardless, for the same reasons that we have held the trial court did not abuse its discretion by denying appellant's request for mistrial, we would overrule appellant's prosecutorial misconduct argument even if preserved. The prosecutor's comment was cured by the trial court's instruction to disregard because the comment was not "so blatant as to border on being contumacious." *See Stahl*, 749 S.W.2d at 831.

We overrule appellant's second issue and that portion of her third issue complaining of prosecutorial misconduct related to improper commentary during closing argument.

---

because people who drive while intoxicated are dangerous in our community." But injecting a comment regarding facts outside the record was not necessary for the prosecutor to make that plea. *See Wesbrook*, 29 S.W.3d at 115; *Temple*, 342 S.W.3d at 603.

[3] This is especially true in light of the fact that the jury had heard the venire member's statement during voir dire about his injury.

## *Conclusion*

We overrule appellant's issues on appeal.  The judgment of the trial court is affirmed.


/s/      Martha Hill Jamison
Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).