

IN THE
TENTH COURT OF APPEALS

No. 10-13-00383-CR

JEWELL LEE THOMAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court
Navarro County, Texas
Trial Court No. 66895

MEMORANDUM OPINION

Jewell Lee Thomas appeals from a conviction for the offense of driving while intoxicated. TEX. PEN. CODE ANN. § 49.04 (West 2011). Thomas complains that the trial court erred by allowing the State to make an unsworn comment regarding his courtroom behavior, failed to instruct the jury to disregard the State's improper comment, and commented on the evidence in an instruction to the jury. Because we find that the error regarding the unsworn comment, if any, was harmless, and the issue

regarding the trial court's comment was not preserved, we affirm the judgment of the trial court.

During the testimony of the arresting officer, the officer was asked about his observations of Thomas's "droopy" eyes at the time of the traffic stop and at trial. The State asked the officer whether Thomas's eyes were "droopier" at the scene than they were while Thomas was in the courtroom at that time. The officer responded in the negative and the State responded by saying, "May the record reflect the defendant's actually tightened his eyelids since I asked this question. I'll move on." Counsel for Thomas objected that the State's comment violated his right not to testify pursuant to the Fifth Amendment of the United States Constitution.

A discussion then ensued in front of the jury between the State and trial counsel for Thomas regarding whether his courtroom demeanor and physical attributes constituted "visible evidence" for the jury to consider. Thomas's trial counsel asked the trial court to strike the comments and to instruct the jury to disregard. The trial court initially sustained the objection, then when questioned by the State, overruled the objection and stated that the State was "allowed to do that. And allow the jury to do their job and draw whatever conclusion, if any, they wish to." Trial counsel for Thomas then asked the trial court if his objection was overruled, and the trial court said it was. Trial counsel then asked for a mistrial which was denied.

Assuming without deciding that the State's comments were erroneous, Thomas argues that we must determine whether Thomas was harmed pursuant to rule 44.2(b) of the rules of appellate procedure, which requires that we disregard any error not affecting substantial rights. TEX. R. APP. P. 44.2(b). In other words, "the conviction should not be reversed when, after examining the record as a whole, the reviewing court has a fair assurance that the error did not influence the jury or had but a slight effect." *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005). When considering whether the error affected the jury's decision, we consider the entire record, including testimony, physical evidence, the nature of the evidence supporting the jury's verdict, and the character of the alleged error and how it might have been considered in light of other evidence. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

The exchange described above was the only instance of the State alluding to Thomas's physical appearance or attempts to change his "droopy" eyes at trial, including the State's closing argument.

The evidence of guilt absent the State's comments about the status of Thomas's eyelids was strong. Thomas was initially stopped for speeding. When the officers approached his vehicle, there was an open box of beer behind the front seats in the center of Thomas's vehicle. There was an empty bottle on the back floorboard, and a strong smell of alcohol was emanating from the vehicle. After exiting his vehicle, the officer smelled an odor of alcohol on Thomas's breath. Thomas's eyes were droopy and

he walked with a slight limp. On the horizontal gaze nystagmus test, the officer observed 6 of 6 clues. Also, Thomas was unable to perform the one legged stand and to follow directions to complete the alphabet from the letters "e" to "p." Thomas further admitted to the consumption of alcohol and repeatedly requested the officers to charge him with public intoxication rather than driving while intoxicated. Thomas's blood alcohol content at the station was .111 and .097, above the legal limit of .08.

Thomas further argues in his sole issue that the trial court's comment to the jury constituted a comment on the weight of the evidence. However, no objection was made to the trial court's comment at trial. The State argues that this objection was not preserved for our review because no objection was made to the trial court.

Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial. *See* TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *Jasper v. State*, 61 S.W.3d 413, 420-21 (Tex. Crim. App. 2001). When no objection is made, "remarks and conduct of the court may not be subsequently challenged unless they are fundamentally erroneous"—that is, the error creates egregious harm. *See Powell v. State*, 252 S.W.3d 742, 744 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A trial court's comments do not constitute fundamental error unless they rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper*, 61 S.W.3d at 421 (trial court's comments correcting defense counsel's misrepresentation of previously admitted testimony, showing

irritation at the defense attorney, and clearing up a point of confusion were not fundamental error).

Thomas does not argue that the trial court's comments constituted fundamental error, and we do not find that the trial court's comment, if erroneous, constituted fundamental error.  Therefore, an objection was necessary to preserve this portion of Thomas's issue.  We overrule issue one.

**Conclusion**

Because we have found that the error in the State's comment, if any, was harmless and the trial court's comment on the weight of the evidence, if any, was waived, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 16, 2014
Do not publish
[CR25]



Thomas v. State      Page 5