**Opinion issued September 27, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00986-CR

———————————

**BRETTON JAMES FOX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 14CR0687**

---

## MEMORANDUM OPINION

Without an agreement as to punishment, Bretton James Fox pleaded guilty to harassment of a public servant. Following preparation of a presentence investigation report, the trial court held a sentencing hearing and sentenced Fox to two years' confinement in the Texas Department of Criminal Justice, Institutional

Division.  On appeal, Fox contends that the trial court based his sentence on a perceived need to protect the police, thereby violating the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's guarantee of due process of law.  We affirm.

**Background**

The arresting officer, J. Guzman, testified during Fox's sentencing hearing.  Officer Guzman testified that he initially placed Fox under arrest for "public intoxication and disorderly conduct" and personally transported Fox to jail.  Officer Guzman testified that Fox was "very argumentative" during transport and repeatedly banged his head against the wall between the front and back seat of the patrol car.  In so doing, Fox "managed to split his forehead open a little bit" and started to bleed.  During the sentencing hearing, the State presented a video that shows Fox injuring his forehead as described by Officer Guzman.

Officer Guzman testified that, upon arriving at the police station, Fox was still intoxicated, continued to be argumentative, and began to physically resist, preventing officers from providing medical attention.  Officer Guzman testified that, in the course of resisting, blood dripped down from Fox's forehead into his mouth and Fox then spit blood out of his mouth, some of which got on Officer Guzman's arm and uniform.

2

Fox testified on his own behalf at the sentencing hearing. He testified that he had been in psychiatric facilities 14 times and that he has been diagnosed with paranoid schizophrenia with delusional tendencies, bipolar depression, and extreme aggression with rage tendencies. Fox explained that he has been prescribed 12 different medications but that he was not taking any prescription medication at the time of his arrest because he was uninsured and could not afford his prescriptions. Fox admitted that he was "extremely" intoxicated the night of the offense and he was unable to remember being arrested or transported to jail. On cross-examination, Fox admitted that, immediately before the hearing, he got into an argument with the court bailiff over an ink pen.

The presentence investigation report detailed Fox's criminal history, which included prior misdemeanor convictions for possession of marijuana and prostitution. In closing, the State argued against probation, instead requesting that Fox be sentenced to a five-year term of incarceration. Defense counsel recommended a term of probation. At the close of argument, the trial judge addressed Fox as follows:

> I take very seriously what our police officers do. I take very seriously protecting them. You were clearly out of control, three to four officers having to restrain you. You were fighting, tased at least three times. You may or may not remember it, but it clearly shows in the video; and you were making their very difficult jobs much more difficult. And I take all that very seriously. I do not think you are a candidate for probation. I hope that perhaps you could get some treatment in [Texas Department of Criminal Justice]. Maybe get you

3

on some meds, maybe do something that will allow you to get on a better course.

The trial judge sentenced Fox to two years' confinement in the Texas Department of Criminal Justice.

## Discussion

In his sole issue, Fox contends that the trial court's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's guarantee of due process because the trial court based its sentencing decision on a personal belief—*i.e.*, a perceived need to protect the police—rather than accepted punishment goals.

### A.    Standard of Review

We review a sentence imposed by a trial court for an abuse of discretion. *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Generally, we will not disturb a sentence assessed within the proper statutory punishment range. *Id.*

### B.    Applicable Law

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  The provision is applicable to the States through the Fourteenth Amendment, *Furman v. Georgia*, 408 U.S. 238, 239, 92 S. Ct. 2726,

4

2727 (1972), and its protections flow from the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S. Ct. 2242, 2246 (2002) (quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S. Ct. 544, 544 (1910)).

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. Due process "requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence." *Buerger*, 60 S.W.3d at 363–64. "In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached." *Id.* at 364.

## C.  Analysis

Fox contends that his Eighth Amendment right not to be sentenced to cruel and unusual punishment and his Fourteenth Amendment right to due process were violated because the trial court based its punishment decision on personal beliefs rather than accepted punishment goals, but he does so without citation to a single authority. In response, the State argues that (1) Fox failed to preserve error in sentencing for appellate review, (2) even if properly preserved, Fox inadequately briefed the issue and therefore presents nothing for review, and (3) even if the issue is adequately presented for review, the trial court acted within its discretion in sentencing Fox within the statutory range.

"As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court." *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). Even constitutional errors may be waived by a failure to object at trial. *Saldano v. State*, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002).

In order to preserve a complaint for appellate review that a sentence is grossly disproportionate, thereby constituting cruel and unusual punishment, a defendant must present the trial court with a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that, by failing to object at sentencing hearing or raise complaint in motion for new trial, appellant failed to preserve argument that sentence was grossly disproportionate and violated 8th Amendment); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (same). Similarly, a complaint that a sentence violates due process must be presented to the trial court.[1]

---

[1]  Fox does not argue nor do we find that the alleged error complained of was fundamental or egregious as to render an objection unnecessary. *See Powell v. State*, 252 S.W.3d 742, 744–45 (Tex App.—Houston [14th Dist.] 2008, no pet.) (holding that trial judge's comment did not amount to fundamental error because it did not rise to such a level as to bear on the presumption of innocence or vitiate impartiality of judge); *Ganther v. State*, 187 S.W.3d 641, 651 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (trial court's unobjected-to comments to venire panel about range of punishment did not rise to such a level as to bear on presumption of innocence or vitiate impartiality of jury).

TEX. R. APP. P. 33.1(a); *see Benson v. State,* 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (en banc) (finding waiver of sentencing complaints and noting that "[a]n appellant must present to the trial court a timely, specific objection and obtain an adverse ruling to preserve for appeal his complaints concerning cruel and unusual punishment and violation of due process rights"); *Alexander v. State,* 137 S.W.3d 127, 130–31 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding failure to object to trial court regarding violations of federal and state due process rights waived appellate review of those claims).

Here, Fox did not object to his punishment when rendered or in a motion for a new trial.[2]  Because Fox did not timely object in the trial court, we conclude that he has not preserved his sentencing complaints for appeal.  *See* TEX. R. APP. P. 33.1; *Noland*, 264 S.W.3d at 151–52.

We overrule Fox's sole issue.

---

[2]  Notably, Fox's two-year sentence fell at the low end of the applicable statutory range of punishment for his conviction—harassment of a public servant—which is a third-degree felony punishable by imprisonment for any term of not more than 10 years or less than two years and a fine not to exceed $10,000.  TEX. PENAL CODE §§ 12.34, 22.11(a)–(b).

## Conclusion

We affirm the trial court's judgment.


                              Rebeca Huddle
                              Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do Not Publish. TEX. R. APP. P. 47.2(b).