

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00113-CR

---

SETH HERRING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court Number 4
Tarrant County, Texas
Trial Court No. 1634856R, Honorable Michael Thomas, Presiding

---

March 10, 2023

## CONCURRING OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

I join the majority's opinion and disposition of this appeal but write separately to express concerns regarding the issue of the trial court, in the presence of the jury, declaring a witness is qualified as an expert.

"Expert witnesses can have an extremely prejudicial impact on the jury, in part because of the way in which the jury perceives a witness labeled as an expert. To the jury an 'expert' is just an unbridled authority figure, and as such he or she is more believable." *E.I. du Pont Nemours & Co. v. Robinson*, 923 S.W.2d 549, 553 (Tex. 1995) (quoting

Richey, *Proposals to Eliminate the Prejudicial Effect of the Use of the Word "Expert" Under the Federal Rules of Evidence in Civil and Criminal Jury Trials*, 154 F.R.D. 537, 540 (1994)). "A witness who has been admitted by the trial court as an expert often appears inherently more credible to the jury than does a lay witness." *Robinson*, 923 S.W. 2d at 553 (citing *Richey*, 154 F.R.D. at 544). Consequently, a jury more readily accepts the opinion of an expert witness as true simply because of his or her designation as an expert. *See Robinson,* 923 S.W.2d at 553.

Appellant contends the trial court improperly commented on the weight and credibility of the evidence when it declared in the presence of the jury "[Amy Jones] is designated as an expert." Appellant did not timely object to the trial court's comment. Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial. *Wilson v. State*, 473 S.W.3d 889, 903 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (citing Tex. R. App. P. 33.1(a); *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013)). When no objection is made, the remarks and conduct of the court may not be subsequently challenged unless the error creates egregious harm. *Wilson*, 473 S.W.3d at 903 (citing *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.); *Powell v. State*, 252 S.W.3d 742, 744 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). A trial court's comments do not constitute fundamental error unless they rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).

Appellant's statutory authority regarding the improper comment is article 38.05 of the Texas Code of Criminal Procedure:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05. A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates any disbelief in the defense's position, or diminishes the credibility of the defense's approach to its case. *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.). Based on the trial court's only statement at issue, wherein it recognized Amy Jones as an expert, I find nothing in the record suggesting the trial court implied approval of the State's argument, indicated disbelief in the defense's position, or diminished the credibility of the defense's approach to its case. The trial court did not discuss or comment about the weight of the expert's testimony; it merely stated the legal basis for overruling Appellant's objection.

I write separately to express a better procedure—simply avoid an acknowledgment of the witness's expertise. The trial court should discourage procedures that make it appear the court endorses the expert status of the witness. When a court certifies a witness is an expert, it potentially lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment. *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007). The proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony,

3

without asking the trial court to recognize or certify the witness is an expert. *Id.* If the opponent objects, the court should rule on the objection, allowing the objector to pose *voir dire* questions to the witness's qualifications if necessary and requested.


                                        Alex L. Yarbrough
                                        Justice


Do not publish.